*37
ORDER

DWIGHT W. BIRDWELL, Chief Justice.
Leslie Maddox (“Maddox”) was employed by the Cherokee Nation (“Respondent”) until her termination. Maddox brought suit seeking reinstatement and damages for loss of income. Maddox was granted a default judgment, and filed a motion to establish damages. A hearing on the motion was held, and both parties, represented by counsel, presented evidence and argument for the Court.
With the default judgment, the Respondent concedes that Maddox is entitled to 17 days pay in the amount of $2,320.50 on the 1996-1997 contract (“96-97”) between the parties, and judgment is granted to Maddox in that amount.
The Court finds that because of the termination, Respondent failed to contribute the full amount due to Maddox on 96-97 for her retirement account. The amount due, but not paid, was $197.92. Maddox is granted judgment in that amount.
The Court finds that Maddox took 12 days maternity leave and was excessively docked for it in the amount of $678.30. (Respondent twice promised the Court and twice failed to present the findings of its re-computation to the Court; justice demands no more delay). Maddox is granted judgment in the amount of $678.30 on the maternity claim.
Maddox claims she would have worked extra duty assignments for 97-98 and thereby earned $550.00. This claim is too speculative, and judgment is granted to the Respondent.
Maddox testified that following her termination, necessity forced her to withdraw her retirement savings. She was not fully vested, and she suffered a 20 percent penalty as a result of the amount of $1,595.21; she seeks recovery of that amount. The Court finds the decision to withdraw the funds was Maddox’s, alone: it was not something over which the Respondent had any control. On this claim, judgment is granted to the Respondent.
On April 7, 1997, the school board of Sequoyah High School voted in favor of renewing Maddox’s, and other teachers’, contract(s) for the 1997-1998 contract (“97-98”) year. The Court finds that the school board, in so doing, was acting on authority (1) delegated to it by the Principal Chief. On April 22, 1997, Maddox *38 signed a form, prepared by the Respondent, by which she agreed to continue her employment with the Respondent in accordance with the action of the board. The Court finds that a binding contract existed between the parties relative to 97-98 year on April 22, 1997. A formal, detailed contract was to have been signed by Maddox and the Principal Chief, prior to the beginning of the 1997-1998 school year, but because of her termination on April 25, 1997, this was not done. However, the Court finds that this “formal” contract was only a perfunctory step which the Chief, for the prior contract, 96-97, had delegated to a Cherokee official, George Thomas. Accordingly, Maddox is granted judgment on this claim in the amount of $26,659.00 which would have been the amount of her gross salary for 97-98.
Maddox also seeks $1,322.95 (5 percent of gross salary) which she claims is the amount Respondent would have contributed to her retirement account for 97-98. However, Respondent presented evidence that the automatic employer contribution of 5 percent of gross salary ceased as of January 1, 1997, at which time Respondent changed to a 401 K plan. Under the 401 K plan, Respondent only contributed to an employee’s retirement account if the employee made a contribution. Whether or not Maddox would have contributed under a 401 K plan is too speculative. Judicial notice is taken that January 1st is, more or less, the halfway point of the school year. Accordingly, the Court awards judgment to Maddox on the 1997 part of this claim, in the amount of $666.48 (1/2 of 5 percent of $26,659.00). Judgment is granted to the Respondent on the 1998 part of the claim.
Following Respondent’s actions on April 25, 1997, any expectation on the part of Maddox that Respondent’s school board would offer Maddox a contract at the Spring 1998 board meeting would not be unrealistic. Article XII of the Cherokee Constitution does not require the Respondent to automatically renew existing contracts with teachers who have been employed by the Respondent for one year or more. Maddox’s request for reinstatement is denied.
The total dollar amount of the judgment awarded to Maddox is $30,522.20.